## THE STATE *v.* S. G. LADD.

10  271
106  201

In a case of felony, where the jury after having retired to consider their verdict, at length informed the Judge that they could not agree, and the Judge thereupon stated that he must have a verdict in the case—that it was one of peculiar character, and that he had reason to believe that some of the jury had been tampered with previous to the trial, *Held:* that such remarks had a tendency to coerce the jury into a verdict from improper motives, and are sufficient grounds for remanding the case for a new trial.

A bill of exception should give a plain and concise statement of the facts which present the question of law, and the facts should not be set forth in detached and scattered parcels.

A Judge should not sign a bill of exception, containing a statement of facts, the accuracy of which he does not recognise.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*I. E. Morse*, for the State. *Larue & Whitaker*, for defendant and appellant.

SPOFFORD, J. The prisoner has appealed from the judgment of the First District Court of New Orleans, sentencing him to hard labor in the Penitentiary for three years, having been found guilty of manslaughter with a recommendation to the mercy of the court, under an indictment for the murder of one *Schlessinger*.

Various bills of exceptions were taken by the defendant's counsel during the proceedings, and are relied on here to procure a reversal of the judgment.

We find it necessary to decide only one of the legal points presented.

The cause was submitted to the jury on the 29th of June, 1854. In the evening of that day they informed the Court, through their foreman, that they had not agreed upon a verdict and that there was no probability of their doing so, whereupon they were ordered to be kept in the custody of the Sheriff, and the case was continued until the next morning at 10 o'clock. On the next morning the jury were again called, and one of the members stated that they had not agreed, nor was there any probability of their agreeing; the Court then briefly stated its reasons for confining the jury yet longer, whereupon the

foreman asked if there was any verdict they could bring in between *guilty* and *not guilty*, when the court told them again what verdicts they could render, and further stated the penalties attached to each. The jury then retired and remained out until a little after 5 o'clock in the evening, when they were called into court, and in answer to an inquiry from the Judge, one of them remarked that they had not agreed nor was there any prospect of their agreeing; whereupon the Judge stated that he must have a verdict in the case, that it was one of a peculiar character, and that "he had reason to believe, from information received, that some of the jury had been approached and tampered with previous to the trial of the cause."

They then retired and found the verdict already stated.

We are of opinion that the exceptions to the last remarks addressed by the Judge to the jury were well taken. Those remarks, under the circumstances, had a natural tendency to coerce the jury into a finding, from improper motives.

A new trial must, therefore, be awarded.

It will be observed that we have taken the material facts from the minutes made by the Judge at the foot of the bills of exceptions. There are some discrepancies between the statements made in the body of these bills and those appended by the Court. This is not in accordance with approved precedents. In *Price* v. *Powell*, 3 Comstock, 352, it was said that a bill of exceptions must give a plain and concise statement of the facts which present the question of law, and the facts should not be set forth in detached and scattered parcels.

As the power of correcting a bill of exceptions, if erroneous, is lodged with the Judge (C. P. 489,) he should not sign one that contains a statement of fact, the accuracy of which he does not recognise. The bill should, at least, be consistent.

It is ordered that the judgment appealed from be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.